## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| SARAH BULEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-00488-SRB |
| | ) | |
| RAHIM KUDCHIWALA and | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before this Court are Defendant Rahim Kudchiwala's Motion to Remand (Doc. #12) and

Plaintiff Sara Bulen's Motion to Remand (Doc. #14). For the reasons set forth herein, the

motions to remand are GRANTED.

## I.     BACKGROUND

On May 27, 2015, Plaintiff Sara Bulen filed this lawsuit in the Circuit Court of Jackson

County, Missouri, against Defendants American Family Mutual Insurance Company ("American

Family") and Rahim Kudchiwala. Plaintiff asserts this action for equitable garnishment pursuant

to Mo. Rev. Stat. § 379.200 to collect a tort judgment in the amount of $1,800,000.

On May 28, 2015, Defendant Rahim Kudchiwala filed his Answer to Plaintiff's Petition.

On June 26, 2015, Defendant American Family filed its Notice of Removal pursuant to 28

U.S.C. §1441. Subsequently, Plaintiff Sara Bulen and Defendant Rahim Kudchiwala filed their

motions to remand this action back to state court arguing that removal of an action requires the

unanimous consent of defendants and Kudchiwala, a necessary defendant, did not give his

consent to the removal of this action.

## II.     LEGAL AUTHORITY

A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

In a civil action with multiple defendants, all defendants must join in the notice to remove unless they are nominal defendants. Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. §1446(b)(2)(C). Although each defendant need not necessarily sign the notice of removal, there must "be some timely filed written indication from each served defendant," or someone authorized to act on the defendant's behalf, indicating the defendant actually consents to the removal. Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008).

## III.     ANALYSIS

Defendant American Family removed this action asserting diversity jurisdiction. The parties do not dispute that the amount in controversy is in excess of $75,000 and, thus, satisfies the jurisdictional amount. The only issues before the Court are whether Rahim Kudchiwala is a

necessary party and whether this action was properly removed without the unanimous consent of defendants, American Family and Rahim Kudchiwala.

### a. Defendant Rahim Kudchiwala is a necessary party

Defendant American Family argues that Defendant Kudchiwala is not a necessary party to this action because all of Plaintiff Bulen's claims asserted in this equitable garnishment action are directed solely to American Family. American Family argues that Kudchiwala has no real interest in the litigation and is a "criminal defendant" with "unclean hands." Therefore, American Family asserts Kudchiwala may not be considered a necessary party with the ability to destroy diversity.

Defendant American Family acknowledges the Eighth Circuit's opinion in Glover v. State Farm Fire and Cas. Co., 984 F.2d 259 (8th Cir. 1993), supports Plaintiff Bulen and Defendant Kudchiwala's arguments for remand. However, American Family asks this Court to revisit Glover and find that the Eighth Circuit misinterpreted the language of Mazdra v. Selective Ins. Co., 398 S.W.2d 841 (Mo. 1966). American Family argues the Eighth Circuit's decision in Glover misconstrued the Missouri Supreme Court's interpretation of Mo. Rev. Stat. § 379.200.

The Court acknowledges the Eighth Circuit has noted "there is some doubt whether Missouri courts require joinder of the judgment debtor in a § 379.200 action, despite the seemingly clear statutory language to that effect." Glover v. State Farm Fire & Cas. Co., 984 F.2d 259, 261 (8th Cir. 1993). However, "[c]ourts have consistently held that § 379.200 requires plaintiffs to join the judgment debtor in an equitable garnishment action filed pursuant to this statute." Kendall v. Northern Assur. Co. of America, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009). Thus, this Court will continue to follow the Eighth Circuit's decision in Glover in this current case.

In accordance with Glover, Kudchiwala is not only a necessary party, but a party required by Missouri statutory law. Mo. Rev. Stat. §379.200 specifically states that if the judgment is not satisfied "the judgment creditor may proceed in equity against the defendant and the insurance company." The Eighth Circuit explained that "[b]ecause the insurer is entitled … to assert any defenses it has against the insured, the Missouri legislature had good reason to require that the judgment debtor be joined in the statutory action, even if that action does not expose the judgment debtor to any risk of additional liability." Glover, 984 F.2d at 261.

This Court agrees with the analysis and interpretation of § 379.200 set forth by the Eighth Circuit, and further finds that Defendant Rahim Kudchiwala is a necessary party to this action.

**b. Each Defendant must consent to the removal of an action**

Secondly, because the Court finds that Kudchiwala is a necessary party to this equitable garnishment action, both Defendant American Family and Defendant Kudchiwala must consent to the removal of this action to federal court. Kudchiwala and Bulen argue the case must be remanded because Kudchiwala did not join in the notice of removal as required by 28 U.S.C. § 1446(b)(2)(A), which states:

> "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

"Where there are multiple defendants, all must join in a [notice] to remove." Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 932 (8th Cir. 2012) (citing Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir.2002)). "Under this rule of unanimity, a failure of all defendants to join in the notice of removal creates a 'defect in the removal procedure within the meaning of § 1447(c),' which, if timely raised (as here), requires remand." Webster v. Mair, No. 4:15 CV 430 RWS, 2015 WL 1886640, at *1 (E.D. Mo. Apr. 24, 2015) (internal citation

omitted). "[T]he failure of one defendant to consent renders the removal defective." <u>Pritchett v. Cottrell, Inc.</u>, 512 F.3d 1057, 1062 (8th Cir. 2008).

Kudchiwala has expressly stated in his Motion to Remand that he does not consent to the removal of this action from the Circuit Court of Jackson County, Missouri. Without consent by Kudchiwala, the removal of this action is defective and requires remand.

Therefore, the Court must remand this action back to Missouri state court.

## IV.    Conclusion

Accordingly, it is hereby:

**ORDERED** that Defendant Rahim Kudchiwala's Motion to Remand (Doc. #12) is GRANTED;

**ORDERED** that Plaintiff Sara Bulen's Motion to Remand (Doc. # 14) is GRANTED; and

**ORDERED** that this case is remanded to the Circuit Court of Jackson County, Missouri and the Clerk of the Court shall mail a copy of this Order to the Clerk of the State Court.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

DATE:    August 21, 2015